IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER A. PROVAU, ) | Civil Action No.:4:16-cv-00422-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | **ORDER** |
| ) | |
| YRC, Inc., d/b/a YRC Freight, Inc., and ) | |
| Ricky Walter, ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for review of Defendants' motion to dismiss Plaintiff's complaint [ECF #4]; Plaintiff's motion to allow time for discovery [ECF #6]; and Defendants' motion to quash third party subpoena [ECF #7]. All parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

**Factual Background and Procedural History**

On December 23, 2015, Plaintiff Christopher Provau (hereinafter, "Mr. Provau" or "Plaintiff") filed an action in state court seeking damages against YRC, Inc., d/b/a YRC Freight, Inc. ("YRC") and Ricky Walters ("Mr. Walters") (collectively, "Defendants").[2] [ECF #1-1]. Plaintiff alleges in his complaint that he was employed by a vendor to perform repairs on a tractor trailer owned by YRC. [ECF #1-1, p. 5]. While performing said repairs, Mr. Walters, individually

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

[2] Defendants note that Mr. Walters has been misidentified in the caption as "Ricky Walter."

and as an agent and/or employee of YRC, drove away in a truck that was attached to the tractor trailer that Plaintiff was repairing. [ECF #1-1, pp. 5-6]. Plaintiff alleges that as a direct and proximate result of the negligence, gross negligence, and willful and wanton behavior of Defendants, he incurred damages. [ECF #1-1, pp. 6-7]. Defendants filed their notice of removal pursuant to 28 U.S.C. § 1441, et seq. on February 10, 2016. [ECF #1]. That same day, Defendants filed their motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that Plaintiff's exclusive remedy is through the South Carolina Workers' Compensation Act because he is a statutory employee of YRC. [ECF #4, p. 3].

On February 17, 2016, Plaintiff filed a motion requesting time to conduct discovery regarding the employment relationship of Plaintiff and Defendant YRC. [ECF #6]. On February 24, 2016, Defendants filed a motion to quash a third party subpoena sent to Poston's Trailer Repair, LLC, Plaintiff's employer who sent him to YRC on the day of the alleged injury. [ECF #7]. The parties have had a chance to respond to the respective motions. The Court now issues the following Order.

## Standard of Review

Defendants filed their motion to dismiss pursuant to 12(b)(1) of the Federal Rules for Civil Procedure for lack of subject matter jurisdiction. Defendants contend that Mr. Provau was a statutory employee of YRC as defined by The South Carolina Workers' Compensation Act (the "Act") at the time of the alleged injury, and therefore, his exclusive remedy is under the Act. S.C. Code Ann. § 42-1-400.

Coverage under the Workers' Compensation Act depends on the existence of an

2

employment relationship. *Edens v. Bellini*, 359 S.C. 433, 442, 597 S.E.2d 863 (Ct. App. 2004). Section 42-1-400 provides an exception to the general rule by imposing upon an owner or upstream employer liability for the payment of compensation benefits to worker who is not directly employed by the owner or upstream employer, depending upon the nature of the work performed. *Id.* The determination of whether a worker is considered a statutory employee is jurisdictional and is a question of law. *Posey v. Proper Mold & Engineering, Inc.*, 378 S.C. 210, 661 S.E.2d 395 (Ct. App. 2008). Accordingly, this Court is empowered with the duty to review the entire record and decide jurisdictional facts in accord with the preponderance of the evidence. *Glass v. Dow Chemical Co.*, 325 S.C. 198, 201-202, 482 S.E.2d 49 (1997). In so reviewing, this Court may consider affidavits related to a question of law in a jurisdictional motion without converting it into one for summary judgment. *Edens*, 597 S.E.2d at 866. South Carolina policy warrants resolving jurisdictional doubts in favor of including employers and employees under the Act. *Id.* at 867.

## **Discussion**

At issue before this Court is whether Plaintiff is the statutory employee of YRC, such that this Court lacks subject matter jurisdiction to hear this case. Defendants argue that Plaintiff meets the statutory exception found in § 42-1-400 of the Act, which states:

> [w]hen any person, in this section and sections 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

S.C. Ann. § 42-1-400. Three tests are applied to determine whether the activity of an

3

employee, such as Plaintiff, of a subcontractor is sufficient to make him a statutory employee as it is defined under § 42-1-400: (1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's trade, business or occupation; or (3) has the identical activity previously been performed by the owner's employees? *Edens*, 597 S.E.2d at 868; *see also Glass*, 482 S.E.2d at 50. The questionable activity need only meet *one* of the three criteria for the worker to qualify as a statutory employee of the owner or upstream employer. *Edens*, 597 S.E.2d at 868 (emphasis added).

Plaintiff denies he should be classified as YRC's statutory employee, specifying that he performs specialized services to YRC through his employer, Poston Trailer Repair, LLC ("Poston"), and as such did not perform work which was a part of the "trade, business or occupation" of YRC. Plaintiff does not dispute that he was an employee of Poston on the date the alleged injury occurred, nor he does dispute that he was performing repairs on a tractor trailer owned by YRC. [ECF #1-1, p. 5]; [ECF #8, p. 1]. In fact, Plaintiff's main argument in opposition to Defendants' motion to dismiss is that YRC employees did not have the same skill, expertise or training to perform the same services he performed; thus he cannot be considered a statutory employee of YRC. [ECF #8, p. 3]. To that end, Plaintiff filed a motion to allow time for discovery [ECF #6]. Plaintiff sought discovery in this case, citing the fact that these cases are intensely fact specific. *Olmstead v. Shakespeare*, 354 S.C. 421, 581 S.E.2d 483 (2003). Furthermore, in his opposition to the motion to dismiss, Plaintiff asserts that it is premature at this stage in the litigation to rule on the motion. Plaintiff specifically requests the contract between YRC and Poston and the ability to depose a knowledgeable Poston employee to determine "the

4

services provided by Poston, as well as whether Poston employees were considered employees of YRC." [ECF #8, p. 6]. The question of whether an individual is a statutory employee is an appropriate question at the motion to dismiss stage, particularly in light of the fact that it is a jurisdictional question. However, this Court believes that based upon the limited record in this case and the fact that it appears from the notice of removal that Plaintiff's medical expenses are in excess of $100,000.00, this Court finds it prudent to allow the parties to conduct limited jurisdictional discovery prior to deciding this question based on a preponderance of the evidence standard. Accordingly, this Court grants Plaintiff's request for time to complete discovery [ECF #6]. The parties have sixty days (60) from the date of this Order to engage in limited jurisdictional discovery solely on the issue of whether Plaintiff is a statutory employee. Based on the fact that this Court is granting Plaintiff's motion for time to complete discovery, this Court denies Defendants' motion to quash [ECF #7] and Defendants' motion to dismiss [ECF #4] at this time. Plaintiff may re-serve the subpoena that is the subject of the motion to quash. Pending the outcome of the limited time for discovery, Defendants will have the opportunity to re-file their motion to dismiss at the conclusion of the sixty day period.

### Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings, motions, and response to those motions. For the reasons stated above, Plaintiff's motion to allow time for discovery [ECF #6] is **GRANTED.** This limited discovery is for the purpose of ascertaining whether Plaintiff is a statutory employee. Defendants' motion to quash [ECF #7] is **DENIED**. Defendants' motion to dismiss Plaintiff's complaint [ECF #4] is **DENIED WITHOUT**

**PREJUDICE** with the opportunity to re-file after the expiration of the sixty day discovery period.

**IT IS SO ORDERED.**

Florence, South Carolina　　　　　　　　　　　　s/ R. Bryan Harwell
August 25, 2016　　　　　　　　　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge