IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTOPHER A. PROVAU, ) | Civil Action No.:4:16-cv-00422-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| YRC, Inc., d/b/a YRC Freight, Inc., and ) | |
| Ricky Walter, ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court for review of Defendants' re-filed Motion to Dismiss Plaintiff's complaint [ECF #27]. On December 28, 2016, Plaintiff filed a response in opposition to this Motion [ECF #28] and Defendants filed their reply brief on January 4, 2017. [ECF #29]. All parties have had the opportunity to extensively brief the issues raised in the motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

## Factual Background and Procedural History

On December 23, 2015, Plaintiff Christopher Provau (hereinafter, "Mr. Provau" or "Plaintiff") filed an action in state court seeking damages against YRC, Inc., d/b/a YRC Freight, Inc. ("YRC") and Ricky Walters ("Mr. Walters") (collectively, "Defendants"). [ECF #1-1]. Plaintiff alleges in his complaint that he was employed by a vendor to perform repairs on a tractor trailer owned by YRC. [ECF #1-1, p. 5]. Plaintiff's employer, Poston's Trailer Repair, LLC, sent Plaintiff to YRC on the day of the injury. While performing said repairs, Mr. Walters,

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

individually and as an agent and/or employee of YRC, drove away in a truck that was attached to the tractor trailer that Plaintiff was repairing. [ECF #1-1, pp. 5-6]. Plaintiff alleges that as a direct and proximate result of the negligence, gross negligence, and willful and wanton behavior of Defendants, he incurred damages. [ECF #1-1, pp. 6-7]. Defendants filed their notice of removal pursuant to 28 U.S.C. § 1441, et seq. on February 10, 2016. [ECF #1]. That same day, Defendants filed their initial motion to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, alleging that Plaintiff's exclusive remedy is through the South Carolina Workers' Compensation Act because he is a statutory employee of YRC. [ECF #4, p. 3].

In its Order dated August 25, 2016, this Court allowed Plaintiff additional time to complete discovery, and gave Defendants the opportunity to re-file their motion to dismiss at the conclusion of a sixty-day period. [ECF #16, p. 5]. The parties have had now had the opportunity to conduct discovery, and on December 9, 2016, the Defendants re-filed their motion asserting the same grounds they asserted in their prior motion, but with additional facts to support their argument that Plaintiff is a statutory employee of YRC. The Court now issues the following Order.

## **Standard of Review**

Defendants filed their motion to dismiss pursuant to 12(b)(1) of the Federal Rules for Civil Procedure for lack of subject matter jurisdiction. Defendants contend that Mr. Provau was a statutory employee of YRC as defined by The South Carolina Workers' Compensation Act (the "Act") at the time of the alleged injury, and therefore, his exclusive remedy is under the Act. S.C. Code Ann. § 42-1-400.

Coverage under the Workers' Compensation Act depends on the existence of an

2

employment relationship. *Edens v. Bellini*, 597 S.E.2d 863, 866, 359 S.C. 433 (Ct. App. 2004). Section 42-1-400 provides an exception to the general rule by imposing upon an owner or upstream employer liability for the payment of compensation benefits to worker who is not directly employed by the owner or upstream employer, depending upon the nature of the work performed. *Id.* The determination of whether a worker is considered a statutory employee is jurisdictional and is a question of law. *See Carrier v. Westvaco* Corp., 806 F. Supp. 1242, 1244 (D.S.C. 1992) (whether a plaintiff is a statutory employee is a question of subject matter jurisdiction); *see also Lentine v. 3M Co.*, No. 6:08-2542, 2009 WL 792497, at *2 (D.S.C. Mar. 23, 2009) (citing *Posey v. Proper Mold & Engineering, Inc.*, 661 S.E.2d 395, 378 S.C. 210 (Ct. App. 2008)). Notably, South Carolina policy warrants resolving jurisdictional doubts in favor of including employers and employees under the Act. *Kemp v. JHN Enters.,* Inc., No. 6:14-cv-02604, 2016 WL 859361, at *6 (citing *Edens v. Bellini*, 597 S.E.2d 863, 870 (S.C. Ct. App. 2004)).

## **Discussion**

At issue again before this Court is whether Plaintiff is the statutory employee of YRC, such that this Court lacks subject matter jurisdiction to hear this case. Defendants argue that Plaintiff meets the statutory exception found in § 42-1-400 of the Act, which states:

> [w]hen any person, in this section and sections 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him. S.C. Ann. § 42-1-400.

Plaintiff denies this claim, specifying that he performs specialized services to YRC through his

3

employer, Poston Trailer Repair, LLC ("Poston"), and as such did not perform work which was a part of the "trade, business or occupation" of YRC. Plaintiff does not dispute that he was an employee of Poston on the date the alleged injury occurred, nor he does dispute that he was performing repairs on a tractor trailer owned by YRC. [ECF #1-1, p. 5].

Three alternative tests are applied to determine whether the activity of an employee, such as Plaintiff, of a subcontractor is sufficient to make him a statutory employee as it is defined under § 42-1-400: (1) is the activity an important part of the owner's business or trade; (2) is the activity a necessary, essential, and integral part of the owner's trade, business or occupation; or (3) has the identical activity previously been performed by the owner's employees? *Edens*, 597 S.E.2d at 868; *see also Glass*, 482 S.E.2d at 50. The questionable activity need only meet *one* of the three criteria for the worker to qualify as a statutory employee of the owner or upstream employer. *Edens*, 597 S.E.2d at 868 (emphasis added).

Defendants deposed Greg Drake, the 30(b)(6) designee of YRC on October 19, 2016. Mr. Drake testified that the work performed by Plaintiff as the individual sent by Poston to conduct repairs is necessary, essential and integral to YRC's business. [ECF #27-2, pp. 8,9]. Similarly, Wilson Wayne Poston, the 30(b)(6) designee of Poston, testified that his understanding of the importance of the maintenance and mechanical work his company performs for YRC is "very important for mechanical breakdowns, keeping equipment up. Tires. Is very important." [ECF #27–3, p. 7]. Mr. Poston further indicated that if YRC did not maintain its vehicles, it would impact the company's ability to make deliveries or pickups. [ECF #27–3, pp. 7-8].

Plaintiff's response to argument is that, despite this information, this Court should decline

to conclude that mechanical repairs are important, necessary, essential, and integral to YRC's business because it would set dangerous precedent in this Circuit. This Court finds this argument unpersuasive because South Carolina courts have indeed determined that maintenance and repair are important to businesses similar to YRC.[2] *See Edens*, 597 S.E.2d at 868; *see also Johnson v. Jackson*, 735 S.E.2d 664, 670, 401 S.C. 152 (Ct. App. 2012) (where the South Carolina Court of Appeals determined that an employee who unloaded technology equipment from trucks owned by a transportation business was a statutory employee of that company). Thus, this Court agrees that Defendants have made a proper showing that Plaintiff meets the first two tests to identify him as a statutory employee of YRC. First, the activity performed by Plaintiff, repairing tractor trailers, is an important part of YRC's business or trade. *See Edens*, 597 S.E.2d at 868. YRC is a freight company whose job it is to transport their customers' goods throughout the nation. Second, integral to that business is the safe operation and orderly working of its fleet of trucks. *See Edens*, 597 S.E.2d at 868.

Regarding the third test, and as to Plaintiff's argument that there are no other employees at the YRC's Florence location who engage in a role with his same specialized skills, based on the additional testimony now in the record, this Court finds this argument to be unpersuasive, as well. The corporate representatives of both YRC and Poston confirm that employees of YRC not only possess the knowledge and skill to perform this work, but employees actually perform this

---

[2] Defendants cite to *Bayne v. John Doe and USF Holland, Inc.*, Spartanburg County Circuit Court, Case No. 2016-CP-42-458 (Sept. 2, 2016), attached as Exhibit A to its reply brief [ECF #29], to lend further support to this argument. However, this Court's review of that Order notes that it was actually an order to which the plaintiff in that case consented and, consequently, does not contain a great degree of analysis beyond a finding that as a matter of law, the plaintiff was a statutory employee.

5

work for YRC, though not at YRC's Florence location. [ECF #27-2, pp. 3-4, 13-15; ECF #27-3, pp. 3-4]. YRC has approximately 1,000 mechanics across the country at business terminals that do exactly the type of repair work plaintiff was doing. [ECF #27-1, p. 5]. YRC explained that Florence is a smaller terminal, therefore it is more efficient to leave this work to a contractor. [ECF #29-2, pp. 3-4]. Plaintiff does not argue that the law requires a company to have employees performing the same jobs at every single location in order to satisfy the fact that identical activity has previously been performed by YRC. Similarly, despite Plaintiff's argument to the contrary, this Court does not read *Meyer v. Piggly Wiggly No. 24, Inc.*, 500 S.E.2d 190, 331 S.C. 261 (S.C. App. 1998) to hold that a company's use of the term "vendor" within a contract with another company to subcontract work creates an exception to the statutory employee relationship. As Defendants point out, that court conducted an analysis of the actual work being performed and its importance to the business, but ultimately concluded the plaintiff was not a statutory employee. The facts in *Meyer* are further distinguishable because the plaintiff was not only simply delivering a commodity (as opposed to providing a service), but he was delivering baked goods to a grocery store, and the plaintiff's job of restocking shelves and maintaining his company's in-store display was an incidental, rather than primary purpose, of the arrangement between his employer and the grocery store. *Id.* at 191; 193.

Nonetheless, despite the fact that the YRC Florence location may not have employees performing the same specialized tasks as Mr. Provau, this Court must still find that Mr. Provau is a statutory employee because he meets the other two tests provided in the case law. Inspecting and repairing tractor trailers that distribute cargo, when distributing cargo via tractor trailers is the

6

crux of the business, is clearly an important part of YRC's business, and an essential and integral part of YRC's business. How could it not be when YRC has 1,000 mechanics of its own doing the same type of work as Plaintiff? Beyond that, the Fourth Circuit has concluded that, "[t]he South Carolina Supreme Court has held that a person is performing the trade, business, or occupation of an owner if he is engaged in work that is essential to the function of the employer's business, *even if the employer never performed that particular work with its own employees*." *Smith v. FCX, Inc.*, 744 F.2d 1378, 1379 (4th Cir. 1984) (citing *Boseman v. Pacific Mills*, 8 S.E.2d 878, 193 S.C. 479 (1940); *Wilson v. Duke Power Co.*, 258 S.E.2d 101, 273 S.C. 610 (1979)) (emphasis added); *see also Singleton v. J.P. Stevens & Co., Inc.*, 726 F.2d 1011 (4th Cir. 1984) (citing to *Boseman* to determine that a workman repairing high voltage cables at a textile manufacturing plant was a statutory employee). Accordingly, this Court finds that Plaintiff is a statutory employee of YRC and thus his only recourse against the Defendants is under the Workers' Compensation Act, and this Court lacks subject matter jurisdiction.

## Conclusion

The Court has thoroughly reviewed the entire record, including all pleadings, motions, and response to those motions. For the reasons stated above, Defendants' renewed motion to dismiss Plaintiff's complaint [ECF #27] is **GRANTED.** Plaintiff's complaint [ECF #1-1] is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

Florence, South Carolina                       s/ R. Bryan Harwell
April 28, 2017                                           R. Bryan Harwell
                                                                               United States District Judge